Let's go to the next case in the 9th. Judd v. Panera, Ando Your Honor, John Mahoney is the attorney for the adults. I don't believe he's an incorporated witness. He's right out here. We saw him earlier this morning. You want to get him? Yeah, someone want to... All right, we've called the case Judd v. Panera. Argument from the appellant. I'm John Mahoney, attorney for the plaintiff in this case and the appellant. The issue before the court is whether there was, whether there are questions of facts. The record is, the record contains contradictory statements. There's no question about that. But the motion of summary judgment states the court can't weigh the evidence and there are questions of fact created by misjudged testimony, by the testimony of her expert witness. The summary of the facts are that on the day in question, Janice was going to Panera's to get her sticky drink. She's required to park at a parking lot and you cross the parking lot, you cross Mercy Park, across a driveway which is part of a drive-through portion of the stool. And then went to the front part of the stool. The area in question, there was construction going on at the time. Construction workers were there, cars moving in and out. And one had to watch the oncoming traffic as they were approaching the parking lot. I'm sorry, as they were approaching the curb. And as she approached it, she clipped her toe, she gained speed. The defense says that no one ever saw the fall, which may be true, but they saw her down in the doorway immediately after the fall. As she tripped, she tried to gain her balance, increase her speed and plowed into the door and broke both of her shoulders. The issue here is not just the hole, but it's the entire area where she was required to walk. The blacktop parking lot is where the hole existed, right adjacent to the curb. And the curb is raised somewhat from where the parking lot is and it's raised even somewhat more because of the existence of the hole. So you've got the hole that distance, you've got the distance between the parking lot and the top of the curb. And then you have these nodules there for unsighted people to be warned of the existence of the door, help them find the door. But the nodules are tall as well. And that height has to be considered so that the issue is not just how deep the hole was, but the depth of the hole, which the experts said was between three quarters of an inch in deep, the height of the curb above the hole and the height of the nodules of the ADA ramp. So in looking at all of that, Janice's testimony was that she approached it, she could not see the hole. We're talking about a blacktop parking lot and holes in a blacktop parking lot. And then we're talking about the door faces east. The sun was coming up, about 8 o'clock in the morning, the sun was coming up over the east. The area where she was walking was in shape. And she could not see that which was there. And she said she couldn't see it unless she stood right on top of it. I think the problem began and ended with this court's appellate court decision in Bruns and then the trial court's interpretation of it. The trial court said in dicta in its first order, denying motion for summary judgment, that they were bound by the Bruns decision. And the court said that we agree that the issue here, in our case, in Jay's case, was open and obvious. But because of Bruns, because of the extraction exception, it couldn't rule against us. Then the Supreme Court reversed that. And I think the court felt bound, the trial court felt bound to rule as it did, based upon its dicta in the prior order. But there was no basis for that dicta in the prior order and it was dicta. I know you aren't bound by what he said or you're not bound by what he said. You're bound only by the record in the law. But there is a question of fact, a clear-cut question of fact, about the height, about the combination of these three factors, and about whether this is an open and obvious danger. And Bruns, even the Supreme Court, said in Bruns that an open and obvious can't be decided by a question of law unless there is no dispute as to the facts. And here there are disputes to the facts. So the open and obvious issue has to be resolved in our favor in that the question of fact existed, whether it was open and obvious. And then the same thing applies to the extraction exception. There's testimony there by Janice that she wasn't distracted, but there's also testimony by her that she was. There's no claim that she made admissions against interest or that the court even considered that issue at the trial. And thus the question of fact exists on the extraction exception as well. And that's really the beginning and end of the artful side of the case law. Of course, we're aware of the case, I'm sure. But I just want to emphasize as much as I can that there's things in the record that are kind of confusing. There was an issue about whether, as I said earlier, the question was did she ever, nobody saw her fall. That's not really an issue. The other question is they said the city inspector would not allow preneurs to open unless it passed inspection. If you review the record, you'll see that the construction was ongoing while the store was open. The store was never closed down. There was never an occupancy permit issued after the fact that the place was always open all day for business. But even based on the Brun's decision, the question of fact exists as to whether the effect was open or not. You've seen the photos, I'm sure. It's very hard to discern that. And I think it's equally hard and, more importantly, very hard for you to determine as a matter of fact and law. But there's no question of that. And that same applies to this distraction exception. Thank you, Counselor. Arguments on behalf of the athlete. May I please have the Court? Sorry, John. Bob Miller on behalf of the respondents. I actually represent Parrick and Panera in this case, but through agreement with the Council, we are making the oral argument on behalf of all of the respondents. Summary judgment was properly granted in this case. This is a case that's indicated rising out of a slip and fall. It's not a case involving any unique issues of law, any novel legal theories. The doctrines applicable to slip and falls are well established under Illinois law. Notably, in this case, there's only one witness to the fall, Ms. Judd herself. And accordingly, there's no disputed accounts, no contradictory testimony. Summary judgment was based essentially solely based upon Mrs. Judd's own version of the events and her own testimony as to what she saw, what she perceived, and what she knew about the alleged defected issue. Plaintiff's testimony in this case establishes that the issue was open and obvious as a matter of law. The distraction doctrine does not apply, and her testimony reflects that she was not distracted. As this court is well aware, the issue of duty is a question of law. And courts in Illinois have established that if a condition is open and obvious, that's an issue of duty. And if it is open and obvious, then there is no recovery possible as a matter of law. Illinois courts have established there's no duty to keep a condition, maintain the property in perfect condition, accident-free. The existence of a slip and fall is not a presumption that the property was unsafe. Again, there are caveats to it has to be kept in a reasonably safe condition. So the open and obvious doctrine was developed basically under the theory that if a party sees a hazard that the landowner can expect that the party will avoid that hazard. In this case, this is unlike some of the other cases that come before the Court of Appeals because this isn't a case where we're asking the court to determine whether the matter was open and obvious based upon its objective standard or a reasonable person standard. That is the standard for an open and obvious. But in this case, you can go beyond that and look at her own testimony. And her own testimony establishes that this was an open and obvious defect. Now, I know that the court, we fully agree with this that we've laid out her testimony. But I think it's important to know because he says that there are questions of fact. But I'd like to read portions of her testimony because I don't want to be accused of slamming it. I think there's a suggestion that there's a factual issue. And so here's the questions. Okay, so there's a slight gap between the black area and the concrete area. Answer, correct. But there is, when you see that slight gap, you can tell that there's a difference in the height of those two. Answer, correct. And you could see that on the morning of the fall. Answer, correct. And is it fair to say that you saw that on other mornings when you walked in through the same entrance on the same path? Answer, correct. Question, so at least as you're approaching that ramp, you recognize the fact that there's a differentiation in the height of the parking lot and the height of the concrete that you're about to step onto. Answer, correct. Question, so you know you're going to have to step up ever so slightly. Answer, right. All right, I understand it's a very slight difference, but you appreciated and recognized that there's a difference in height, right? Answer, right, at that location. Answer, uh-huh, right. Question, and you knew that as you stepped there, it was going to require you to step up ever so slightly to avoid that difference in height. Answer, correct. That is the very definition of open and obvious. Not only did she see it, she saw it that morning. She had seen it previously. She saw that there was a height difference. She recognized there was a height difference. She knew she needed to step up, and she appreciated the issue. That is under the law the very definition of open and obvious. This isn't even an objective standard where the court looks at the photograph, and the photographs are in the record as to what the defect is and has to make a determination whether it's open and obvious or under a reasonable person standard. The court can look to her very own testimony and recognize that she saw it, knew it, appreciated it, and understood it. That is open and obvious. The next step in that equation, once it's determined that it's open and obvious, the argument was made that the distraction exception exists. Again, Bruns deals with that directly. Bruns talks about the distraction, and the distraction has to be that the plaintiff was actually distracted. Issues that might have distracted are not at issue. It's whether the plaintiff was actually distracted. And in Bruns, they attempted to make the same argument that the plaintiff was making in this case, is that when a person walks, they don't look down, they don't look at their feet, they don't stare down at the pavement in front of them. Bruns rejected that. And Bruns basically said, were we to conclude, as a plaintiff does, that simply looking elsewhere constitutes a legal distraction, then the open and obvious rule would be upended and the distraction exception would swallow the rule. And that's the case here. And again, I want to go to her testimony, because this isn't a case where you have to deal with a reasonable person as to whether they would or could or should have been distracted. We could go to her own testimony. Ms. Judd was quite candid in her testimony. And these were the questions that were asked of her. Was there anything that distracted you at all as you approached the ADA grant? Answer, no. Question, do you remember anything going on around you at the time that you were walking up that was unusual, different, that might have caused any type of distraction? Answer, no. Those are open-ended, non-leading questions. She was given every opportunity to indicate whether there was anything that distracted her, and her answer, unequivocally, was no. Now, counsel or appellant has indicated in his commentary to the court that there's issues such as traffic. She didn't say that. Now, the bronze stands for the proposition that there has to be evidence that the plaintiff was actually distracted. And there is no evidence that she was actually distracted. She testified she wasn't. He talked about traffic in the parking lot. She was asked that very question. And again, I will read it so it's not slanted. Question, as you got out of your car and you were walking towards the door, was there any other traffic in the parking lot? Answer, no. There wasn't traffic in the parking lot. He's talking about what potentially could have distracted her or things that might have been distractions. But the facts and the evidence in this case is there were no distractions and she wasn't distracted. As a matter of law, there's no evidence that would support the distraction doctrine, and the court got it right. It's open and obvious, and she's not distracted. I'd also note that open and obvious is a question of law under Illinois law. The case of, let me get my side here. Sorry, I apologize. It's the city of Chicago case of Bolland versus the city of Chicago. Very similar facts to the question here in which somebody tripped and fell on the street. And the question was raised as to whether that's a question of fact or whether it's a question of law in the court. Under very similar circumstances, very similar facts, very analogous situation, held that it's a question of law. It can become a question of fact if there's something that obstructs your view, such as they gave examples of if there's a optical illusion was one example. If there's an expert that testified to that. Their own brief says there was no optical illusion here. If there's weeds growing around it or above it so that you can't see it, the weather conditions. But again, her unequivocal testimony was none of that exists. There was no basis for her to not be able to see it. So it is a question of law. So basically, under the Illinois law, with her own testimony, it's open and obvious. She's not distracted. The court is correct. Under Bruns, this issue of I'm not watching where I'm going or I might be looking at the door instead of my feet is not enough to constitute a distraction. That's a Supreme Court case. The court originally did not grant summary judgment because of that argument. And when Bruns came out from the Supreme Court, reversed on this and granted summary judgment, as they should have. There are other arguments that were raised with respect to why summary judgment would have been appropriate. They're all addressed briefly under the de minimis doctrine. Defects of less than, of course, there's no bright line test. I don't want to suggest there is. But generally, there's quotes that say that anything under an inch and a half sort of is de minimis. That's sort of the tipping point. The testimony and their own brief concedes that this defect is less than an inch. So under the de minimis doctrine, you have the same issue that this is a non-actual defect. Their brief also makes the argument that somehow it's contradictory or inconsistent to suggest that it's de minimis and open and obvious. And that's just an incorrect argument in this application of the law. It can certainly be both. De minimis pertains to whether the issue is legally significant. It has nothing to do with whether you can see it. There's no suggestion that for de minimis to apply, it has to be non-visible. You can have an inch crack that runs a foot along the pavement that would be both de minimis and open and obvious if you can reasonably see it. So the suggestion that you can have one and not the other is incorrect under the law. Finally, with respect to the argument of the other issue that was raised on summary judgment that we believe merits summary judgment in this case, is there's absolutely no evidence that the plaintiff could establish with respect to proximate cause. Again, proximate cause is an obligation on the part of the plaintiff. Absent any evidence of proximate cause, there could be no liability. In this case, her testimony was she fell, and she fell 15 feet. She fell at the curb, and then she ended up hitting the door 15 feet away, and she laid by the door. Her testimony was that she never got up. And she used to testify again quite candidly, but she didn't know what caused her fall. She didn't know what caused it on the day. Again, she knew she stubbed her toe, and she knew the mechanics of how she fell, but she didn't know what caused it. And then she never got up, so she couldn't have checked in on that day, so she never really knew as of that day, and she admits she never knew what caused her fall. And then at some point in the future, she comes back and determines what caused her fall. And she was asked quite candidly in her deposition because, again, if you look at the picture, you've got the defect in this area, and then you've got this what I call riser of the concrete that comes up in front of the curb. As you see in most handicap ramps, they have that long, straight portion, and then you have the riser right next to it. The defect is right next to that riser. I asked her, how do you know that you stubbed your toe on the alleged defect as opposed to stubbing your toe on that portion of the riser? And her answer to that question was, I don't. I don't know. And, again, given that, she can't establish proximate cause. There's a completely non-defective, non-issue that could have caused this fall, and she doesn't know what caused her fall. As a result, we believe that's a basis for summary judgment. So wrapping it all up, again, the court focused on the open and obvious doctrine. I think that's proper, but I think the other doctrines as well provide the basis for summary judgment. I think summary judgment is properly granted, and I think it should be affirmed. We would ask the court to defer the decision. I thank you for your time. I want you to have questions. Thank you, counsel. All right, thank you. Would you bottom the argument? Go ahead. Would you bottom the argument? Would you like to make it? There can't be a summary judgment if there is contradictory testimony. In the brief we cited, her testimony at page 1059 of the record, that as she got out of the car and was walking across the sidewalk, looking at traffic, watching for traffic, watching for construction, all those things exist there. For summary judgment, there has to be no question of fact, and you have to resolve all reasonable inferences in favor of, in this case, the plaintiff. The facts are there, reasonable inferences are there to support that she could have been and was, in fact, distracted. And that part of the case pertains to the distracted exception. But her testimony about the fall itself, again, admittedly contradictory, but on page 17 of the brief, no, I'm sorry, page 9 of the brief, question by defense, do you contend that as you're walking up to the plenary location, approaching the AD ramp, that you could not see that what you termed a hole as depicted in the exhibit left? Answer, no, you really couldn't. And why is that an answer? Because it's all around the same color. You know where the parking lot and all this is around the same color, and you couldn't really see it. And then when you talk about what you couldn't see, what you're saying you can see is that area that's slightly black, so I'm sorry, slightly back in the concrete where there's sort of a low answer. Correct. You've got a blacktop parking lot. You have a hole in the blacktop parking lot in the shade. And that, whether you agree with me, that clearly creates a question, a fact. But on top of that, you have the elevated curb and then the elevated nodules above the curb, and that's why she traveled those 15 feet. She hit the pole, hit something else, more likely not the curb, more likely not the nodules, and then trying to catch herself, get her balance, propelled herself 15 feet away into the door. But reading her testimony, which contradicts her other testimony, only convinces, should convince the court, that there are questions of fact there. There can be legally binding admissions that take the issue out of the area. Those were not raised below. They're not raised here. And this would probably be one of those recent, I'm sorry, vastly changing circumstances that would not be binding on any hand. But there's no claim that she made binding admissions against her interest below. There are claims that she testified differently, but all that does is support the question of fact. The whole area is confused. And I pointed out in my brief the cases that almost every case cited by the defense is a public property case. It's a city, a street, that type of thing. The cases that rule differently are private property. And I cited the case where the court pointed out that this was not a sidewalk, not a long walkway in a mall, but a walkway that led right up to the store itself, which is exactly what we have here. And the issue there is, is there an effect? Answer is there was. Is there, is, how, is it reasonable to assume that the owner of the property should recognize that? And how easy would it be for them to correct it? Answer is it's reasonably, easily recognized and easily, easily corrected. For all of those reasons. In talking about the question of fact, in Brunn, there was a three-inch crack. And in Brunn, it was admission by both sides that there was, there was an open and obvious danger. The only issue in Brunn's was the distraction exception. Here you don't have, you do have disputes. Not about what the, well, we've had very repeated disputes about the fact. Which means the trial judge, in his order, he did not, in his initial order, he did not have any measurements in front of him. He had those measurements now. And, and you have the photos now. And that creates the question of fact. And even Brunn says, if there's a question of fact, there cannot be a decision that it's open and obvious as a matter of law. And if you really want to get interesting, you know what? Consider the argument I made about comparing the negatives. This whole area of law makes no sense. There's no way in the world why slip and fall should be treated differently than any other accident. And yet, yet it is. Thank you. Thank you, counsel, for your arguments and your briefs. We'll take this case under advisement and issue a ruling in due course. Court will be in recess. All rise.